CHARLES L. WEEKS ET AL. v. CHARLES BUDERUS.

A debtor in insolvency proceedings will not lose his right to a discharge
by an accidental omission to give the required notice to one or more
creditors.

On *certiorari* to the Common Pleas of Hudson county.

Argued at February Term, 1877, before Justices DAL-
RIMPLE and WOODHULL.

For the plaintiffs, *F. McGee.*

For the defendant, *J. H. Lippincott.*

The opinion of the court was delivered by

DALRIMPLE, J.    This *certiorari* is brought to set aside a
discharge in insolvency granted by the Common Pleas of
Hudson to Buderus, the defendant in *certiorari*.    The only
objection to the legality of the proceedings below is, that the
debtor failed to give notice of the hearing of his application
to the plaintiffs in *certiorari*, upon whose execution he had
been arrested and imprisoned.    I am satisfied, from the evi-
dence presented, that this omission was not intentional.    I
can very well see how, under the circumstances, the debtor
may have been led into the mistake which he made.    The
plaintiffs were a firm, composed of three individuals, doing
business in the city of New York.    Two of them were resi-
dents of the State of New York.    The other resided in the
city of Newark, in this state, but, so far as appears, had no
place of business in this state.    The defendant swears that he
believed that the plaintiffs all resided in New York, and that
he assigned this fact before the Pleas, on the hearing of his
excuse for not serving the plaintiffs with the notice required
by the statute.    There is nothing to show that his failure to
notify the plaintiffs was in bad faith or with sinister purpose.
It is well settled, by repeated adjudications, that, under such
circumstances, the debtor was legally entitled to a discharge.

The rule is, that the debtor in insolvency proceedings will not lose his right to a discharge by an accidental omission to give the required notice to one or more creditors. *Jay* v. *Slack*, 1 *South.* 77; *Berry* v. *Arthur*, 1 *Green* 308; *Hogan* v. *Hutton, Spenc.* 82.

The order brought up is affirmed, with costs.